By the Court.

This suit was instituted by Reagan in the Court below, on a bond, given to the sheriff of the Parish of Concordia, by R. Williams and the appellant in the penalty of S .500, with a condition, that Williams should abide the judgment which might be rendered against him in the Parish Court, in a suit by attachment, there pending against him, or that he should deliver a certain negro therein named, when required, or it should become necessary..
This bond, as insisted on by defendant’s counsel in the District Court, cannot strictly be considered as a' bail bond, taken in conformity to the act of the Legislative Council in such cases made and provided, the sheriff having inserted a condition in it, not required by the statute ; by which it appears that the parties bound themselves to do one of two things,- viz. to abide the judgment. or deliver the slave, and the security must be discharged on the performance of either.
*422 ’ It ⅛, perhaps, in this case unnecessary to enquire how far the sheriff is bound to give the three days notice on execution to defendants who re-1 side out of the state, to pay the money, before he levies, or returns the execution ; yet when it can be conveniently done, it would, be proper, that some step should taken to effect it; or at least that the execution should not be returned before the expiration of the three days. The defendant in execution; in the original suit of Rengan, vs. Williams., not having been notified of the judgment and execution, the hasty return made o| it on the same day on which it issued.,? are circumstances which do not strongly support a belief of fair and candid dealing on the part of the plaintiff in this transaction. But, independent of all these considerations, this Courtis of opinion that the surrender of the negro, for the delivery of which the appellant bound himself, and the acceptance by, the sheriff, being made previous to judgment rendered in the case, is sufficient to, discharge him from any obligation, arising out of said instru-. ment; the conditions being in the disjunctive, to abide die judgment or deliver the property. Otherwise the appellee will have a double remedy, and may recover twice on,the same cause, of action, viz. on the bond and by executing his original judgment, which would be unjust.
It is, therefore, ordered, adjudged and decreed *423 that the judgment of the District Court be annulled and reversed, and that there be judgment for the defendants with costs.